### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### Case No. 3:24-cv-704-BJB -LLK

| | |
|---|---|
| **LAKE VILLAGE AT LANDIS LAKE COUNCIL OF CO-OWNERS, INC.,** | **PLAINTIFF,** |
| **v.** | |
| **ERIE INSURANCE COMPANY and MICHAEL BEITER,** | **DEFENDANTS,** |

### MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of January 2, 2025 [DN 7]. Defendant Erie Insurance Company ("Erie") has moved to bifurcate Plaintiff's coverage and bad faith claims and to stay discovery of the bad faith claims. Motion [DN 5-1]. Plaintiff has responded, Response [DN 6], and Defendant Erie has replied, Reply [DN 7]. This matter being ripe for review, the Court **GRANTS** the Motion, [DN 5-1], for the following reasons.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a homeowner's association of 19 locations in Louisville, Kentucky, insured by Defendant Erie. Response [DN 6] at 1. The Policy in question provided coverage for damage to Plaintiff's property under certain circumstances (a "Covered Cause of Loss"), and Plaintiff made a claim for wind and hail damage that occurred on or about July 17, 2023. Motion [DN 5-1] at 1. Plaintiff claims that Defendant did not pay the amount "owed under the Policy to restore the Property to its pre-loss condition." Response [DN 6] at 1. On November 4, 2024, Plaintiff filed a Complaint in Jefferson Circuit Court, Kentucky, [DN 1-1], bringing claims for breach of contract and bad faith under Kentucky law, *id.* at 3-6. The case was removed to this Court on December 4, 2024. [DN 1].

## STANDARD

A federal court sitting in diversity "generally must follow state substantive law and federal procedural law when resolving state claims falling within their jurisdiction." *Cook v. Greenleaf Township*, 861 F. App'x 31, 34 (6th Cir. 2021). Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b) The Sixth Circuit has held that "[t]he decision whether to try issues separately is within the sound discretion of the court[.]" *Nelson v. Columbia Gas Transmission, LLC,* 808 F. App'x. 321, 329 (6th Cir. 2020) (internal quotations and citations omitted); *Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F.Supp.3d 1032, 1035 (W.D. Ky. 2018). The Court considers this issue on a case-by-case basis. *See In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). "In determining whether bifurcation is appropriate, the court should consider several factors, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Clift v. LaFarge W., Inc.*, No. 5:14-CV-00057, 2015 U.S. Dist. LEXIS 103731, at *3–4 (W.D. Ky. Aug. 7, 2015) (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citation omitted)). The burden to establish the appropriateness of bifurcation rests with the movant. *Id.*

District courts in the Western District of Kentucky frequently bifurcate claims addressing coverage and bad faith against insurance companies, as deciding the first claim may obviate the need to litigate the second. *See Walker v. Seneca Ins.*, No. 5:18-cv-00077-GNS-LLK, 2018 WL 4462232 at *1 (W.D. Ky. Sept. 18, 2018) (collecting cases). This is true with both third-party insurance disputes (where the claimant is not the insured) and first-party disputes (where the claimant is the insured). *Id.* In either case, the principal questions are the same: (1) will

disposition of the underlying contract claim dispose of the entire case, and (2) are the factual and

legal issues "inextricably intertwined" with the bad faith claims? *Id.* at *2.

## ANALYSIS

Here, the first factor clearly favors bifurcation. Plaintiff's bad faith claims do not survive

without an underlying contract breach. *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100

(Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either

at common law or by statute.").

The second factor poses a slightly more difficult question. Plaintiff contends that, because

this is a first-party action where the insurance company is the only defendant, there is cause to

deny bifurcation. *See* Response [DN 6] at 4. Indeed, federal courts in Kentucky have found

bifurcation inappropriate in a number of first-party actions where factual and legal issues are

"inextricably intertwined." *See Walker*, 2018 WL 4462232, at *2 (collecting cases). For

example, in *Tharpe v. Illinois Nat. Ins. Co.*, the court found that bad faith was inextricably

intertwined where adjudicating the underlying claim required analysis of a "reasonable" medical

bill and whether the defendant should have paid the bill in full. 199 F.R.D. 213, 215 (W.D. Ky.

2001). Similarly, the dispute in *Warner v. State Auto Prop. & Cas. Ins. Co.* was "about the

amount of damages owed[,]" and there was no question of coverage. No. 1:18-CV-00168-GNS-

HBB, 2019 U.S. Dist. LEXIS 246001, at *7 (W.D. Ky. Apr. 29, 2019).[1]

---

[1] Plaintiff also relies on decisions where the court expressed a clear aversion to bifurcating first-party disputes. *See, e.g., Lively v. USAA Cas. Ins. Co*., Civil Action No. 08-422-JMH, 2009 U.S. Dist. LEXIS 35520, at *3-4 (E.D. Ky. Apr. 24, 2009). It is true that "'some courts take a different approach when confronted with the question of whether to bifurcate a first-party action. A split in authority is unremarkable, however, since the decision to bifurcate is discretionary and made on a case-by-case basis.'" *Walker*, 2018 U.S. Dist. LEXIS 158600, at *5 (quoting *Alvey v. State Farm Fire & Cas. Co*., No. 5:17-CV-00023-TBR-LLK, 2017 U.S. Dist. LEXIS 100075, at *5 (W.D. Ky. June 28, 2017).

In this case, the question of coverage is a threshold issue. It can be decided without requiring evidence of Defendant's motive or bad faith. *See Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 275 (W.D. Ky. 2017) ("Litigation of the coverage claim involves the interpretation and application of the policy language to the facts regarding the product loss."); *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metropolitan Sewer District*, 174 S.W.3d 440, 448 (Ky. 2005) ("'[T]he interpretation of a contract … is a question of law for the courts[.]'") (quoting *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co*., 94 S.W.3d 381, 385 (Ky. App. 2002). The underlying claim involves questions such as "what was damaged" and the "application of the deductible and any applicable policy terms and conditions." *See* Reply [DN 7] at 1. Bifurcating the coverage claims from the bad faith claims will allow discovery on such issues without involving evidence which could confuse a jury and prejudice Defendant. *See Nationwide Mut. Fire Ins. Co. v. Jahic*, 2013 U.S. Dist. LEXIS 1798, at *9 (W.D. Ky.). Plaintiff's "claims of bad faith will evaporate if he is not entitled to recovery under the policy. Bifurcation of the trials will thus avoid the expense of litigating certain issues that may never arise. It will also permit the jury to focus on a single issue at a time[.]" *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 U.S. Dist. LEXIS 138111, at *7 (W.D. Ky. Dec. 1, 2011). Bifurcation of the discovery process also serves to prevent unnecessary disputes over Defendant's "protected work product or other privileged materials." *Id.*; *see also Dippin' Dots*, 322 F.R.D. at 275 ("[I]ssuing a stay protects the parties from battling over the production of Defendant's investigatory files, which would undoubtedly result in the spending of additional time and resources for both the court and the parties.")

Accordingly, it is **HEREBY ORDERED** that Defendant Erie Insurance Company's

Motion to Bifurcate and Stay Discovery, [DN 5], is **GRANTED**. Plaintiff's bad faith claims are

severed from the Plaintiff's underlying contract claims and shall be held in abeyance pending the

resolution of the contract claims. Discovery regarding the bad faith claims is stayed pending

further order of the Court.

March 13, 2025

**Lanny King, Magistrate Judge**
**United States District Court**